26 C.C.P.A.(Patents)

## BROCK v. WITTMANN.
### Patent Appeal No. 4126.

Court of Customs and Patent Appeals.
May 1, 1939.

Albert J. Clark, of New York City (Theodore A. Hostetler, of Washington, D. C., of counsel), for appellant.

Stephen J. Cox, of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal in an interference proceeding from a decision of the Board of Appeals of the United States Patent Office which affirmed that of the Examiner of Interferences awarding priority of invention of the subject matter in issue to Marie Wittmann, the senior party.

The interference involves an application of appellant, Jacob Brock, serial No. 51,237, filed November 23, 1935, and a reissue application of appellee, Marie Wittmann, serial No. 50,044, filed November 15, 1935, of original letters patent No. 2,012,060, issued August 20, 1935, upon an application filed December 8, 1934.

Motions to dissolve were duly made by both parties and denied by the Primary Examiner, October 29, 1936. The date for final hearing having passed and appellant having failed to submit any testimony within the time allowed for that purpose, the Examiner of Interferences awarded priority of invention of the subject matter to appellee, May 27, 1937.

The interference, as declared, contained counts 1 to 6 inclusive, originating in the application of appellee. The appeal from

the decision of the Examiner of Interferences to the Board of Appeals was taken only as to counts 3, 4, 5 and 6. The grounds upon which the appeal was taken were that the appellee could not make the counts and that the counts were inaccurate and did not read upon the disclosure of appellee. In this court appellant has expressly abandoned his appeal from the said decision of the board as to count 6. There are before us, therefore, counts 3, 4 and 5.

Count 3 is illustrative and reads as follows: "3. In a doll, a compressible body, a head thereon having a mouth opening adapted to receive the nipple of a nursing bottle, means connecting said mouth opening with the interior of said body, the lower part of said body being formed into a liquid receiving and holding compartment and having an automatically operating restricted fluid outlet permitting slow egress of liquid in a wall thereof and disconnected from said connecting means, limb members movably connected with said compartment and extending through the walls thereof."

The subject matter of the counts relates to so-called drinking or nursing dolls which are constructed so as to permit liquid to enter the mouth opening, the reception of the liquid within the doll body and the trickling out of the liquid through an opening in the lower part of the said body.

The contention of appellant before the Board of Appeals was that appellee could not make the counts for the reason that the reissue application does not show or describe the limb member connection movably connected with the compartment and extending through the walls thereof. As to this contention the board stated as follows:

"The reissue application here involved refers to the copending Wittmann application, Serial No. 658,473, which does show and claim the limb members and we believe this reference is sufficient basis for the alleged defect in the Wittmann reissue application. See Kitselman v. Reid, 1920 C.D. 26. However, this question was not considered by the examiner nor raised below by appellant so far as this record shows. * * *

"Brock concedes priority to his opponent on count 1 which includes the movably connected limb members, yet contends that count 3 is not patentable to Wittmann because of the inclusion of the limb members."

Appellant further contended before the board that appellee does not set out the fluid outlet as disclosed by the counts. The board answered this contention by saying:

"Brock contends also that Wittmann does not describe the automatically operating restricted fluid outlet and that neither the valve 34 (Fig. 3) nor the valve 40 (Fig. 4) of Wittmann renders the egress opening automatically operating. Brock's contention is that the hole itself is not an automatic means and this is equivalent to a contention that Brock himself cannot make the counts.

"Brock does not contend that he is entitled to an award of priority but takes the position that the counts are unpatentable in the Wittmann application and that there should be proper amendment for the counts to properly define the Wittmann invention. The examiner has held that the counts define the Wittmann invention and we see no reversible error in this holding. The word, 'automatic', is related to 'automaton' which relates to any automatic mechanism that imitates the actions of living beings. We see no reason for giving the word, 'automatic', the limited construction contended for by Brock."

The reasons for appeal to this court are, in substance, the same as those which were before the Board of Appeals.

Since the question that appellee could not make the counts for the reason that the application does not disclose limb member connections, as stated in the said decision of the board, was not raised below it cannot be considered here.

We are in agreement with the board concerning the said contention respecting the automatic fluid outlet not being described. Appellee shows an outlet at the bottom of the doll body where a small ball valve is situated. The valve is adapted to only partially close said outlet so as to permit a slow egress of liquid from the body. This is a sufficient description to meet that requirement of the counts.

Long after his brief was filed in the appeal to this court, appellant filed a motion to remand the case to the Commissioner of Patents for a reconsideration of appellee's right to reissue on the ground that the subject matter in counts 1, 2, 3, 4, 5 and 6 was not claimed nor attempted to be claimed in appellee's said patent and that

410

the subject matter of the claims in said application was neither described nor illustrated in said patent. The court denied the motion without prejudice. At the hearing of the appeal here the said motion was renewed. The motion, as renewed, is hereby denied. Appellant had the opportunity, as well as the duty, if he wished to raise this issue, to have incorporated his contention in his motion to dissolve. This he failed to do.

 The question raised in the motion was placed before this court in the brief of appellant with respect to the claims involved herein. The reason applied to the denial of the said motion applies to the contention raised in appellant's brief. The question involved was not before the tribunals below, is not included in the reasons of appeal and cannot be considered by us. Section 4914, R.S., 35 U.S.C. § 62, 35 U.S. C.A. § 62.

The decision of the Board of Appeals is affirmed.

Affirmed.